UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRYAN ZARATE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-cv- 12542 |
| ) | |
| KRISTI NOEM, Secretary, U.S. Department of ) | |
| Homeland Security; MICHAEL KLINGER, ) | |
| Field Office Director, Detroit Field Office, ) | |
| U.S. Citizenship & Immigration Services, ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, BRYAN ZARATE, by and through his own and proper person and through his attorneys, KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petition this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security and U.S. Citizenship & Immigration Services (hereinafter "USCIS") to adjudicate the I-130 visa petition for alien relative, and in support thereof, states as follows:

### Introduction

1. This is a civil action brought by Plaintiff BRYAN ZARATE to compel the Defendants to take action on the visa petition for alien relative (USCIS Form I-130) filed by Plaintiff for his father, Jesus Ignacio Zarate Casillas (A204-717-817), with USCIS on March 8, 2024.

2. Plaintiff's father was taken into ICE custody on June 5, 2025, and has been detained at Monroe County Jail-Dorm in Monroe, Michigan since that time.  Despite being in U.S. Immigration and Customs Enforcement's ("ICE") custody, USCIS continues to issue notices and schedule appointments for Plaintiff's father to complete biometrics related to his pending I-130 petition.  Plaintiff's father had a pending Motion to Reopen his

1

    removal proceedings and an approved stay of removal with the Board of Immigration Appeals (BIA); however, on August 6, 2025, the BIA denied the motion and vacated the stay of removal due to the failure of USCIS to timely adjudicate the subject I-130 petition.

## Jurisdiction And Venue

2. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question) in conjunction with 28 U.S.C. section 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 U.S.C. section 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. section 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. section 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. section 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. section 555(b). Plaintiff contends that the delay in processing the visa petition is unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process.  8 U.S.C. section 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added).  The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 C.F.R. § 245.2 (emphasis added).

7. The INA also creates duties owed by the USCIS in the processing of relevant petitions.  8 U.S.C. section 1154(b) states, "After investigation of the facts in each case,…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition and forward one copy thereof to the Department of State." (emphasis added).

8. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the visa petition.  USCIS has a mandatory duty to adjudicate applications and petitions and jurisdiction thus vests in mandamus before this Court.  *Labaneya v. USCIS*, 965 F.Supp.2d 823, 832-33 (E.D. Mich. 2013)

9. Venue of this action is proper under 28 U.S.C. section 1391(e)(1).  The Defendants maintain offices in this district. Further, Plaintiff resides in Waterford, Oakland County, Michigan, which is within the judicial district of the Eastern District.

3

**Parties**

10. Plaintiff BRYAN ZARATE is a citizen of the United States. He resides in Waterford, Oakland County, Michigan. He is the son of Jesus Ignacio Zarate Casillas, a native and citizen of Mexico.

11. Defendant KRISTI NOEM, Secretary for the Department of Homeland Security ("DHS"), is being sued in her official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant NOEM, through her delegates, has authority to adjudicate adjustment of status applications and visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. section 1255.

12. Defendant, MICHAEL KLINGER, is sued in his official capacity only. He is the Field Office Director of the Detroit Field Office of USCIS. As such, he is the Attorney General's designate for the Detroit area, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

**Factual Background**

13. Plaintiff BRYAN ZARATE is a citizen of the United States. He is the son of Jesus Ignacio Zarate Casillas, a native and citizen of Mexico. Plaintiff lives in Waterford, Oakland County, Michigan, and born on December 25, 2002 in Chicago, Illinois.

14. On or about March 8, 2024, Plaintiff BRYAN ZARATE filed an I-130 visa petition for his father, in order to classify him as the immediate relative parent of a U.S. citizen. Ex. 1. The petition was accorded receipt number IOE0924730639.

15. Plaintiff's father was taken into ICE custody on June 5, 2025 and has been detained at Monroe County Jail-Dorm in Monroe, Michigan since that time. Despite being in ICE's

custody and numerous requests by Plaintiff to waive the biometrics appointments, USCIS continues to issue notices and schedule appointments for Plaintiff's father to complete biometrics.

16. On June 6, 2025, USCIS scheduled a biometrics appointment for Plaintiff's father for June 26, 2025 at 10:00 A.M. at the Application Support Center, USCIS Detroit, 13404 East 11 Mile Road, Warren, Michigan 48089. Ex. 2.

17. On June 11, 2025, Plaintiff's immigration counsel contacted the USCIS Contact Center requesting a waiver of the biometrics appointment due to Plaintiff's father being in ICE's custody.

18. On June 11, 2025, Plaintiff's immigration counsel emailed Plaintiff's father's ICE officer, who reported that Plaintiff's father would not be taken to his biometrics appointment scheduled for June 26, 2025.

19. On July 11, 2025, USCIS scheduled a biometrics appointment for Plaintiff's father for July 29, 2025 at 3:00 P.M. at the Application Support Center, USCIS Detroit, 13404 East 11 Mile Road, Warren, Michigan 48089. Ex. 3.

20. On or around July 15, 2025, Plaintiff's immigration counsel contacted Congresswoman Haley Stevens' office for assistance in waiving the biometrics requirement for Plaintiff's father's I-130 petition. Ex. 4.

21. On or around July 21, 2025, Plaintiff's immigration counsel contacted the USCIS Contact Center again requesting a waiver of the biometrics appointment due to Plaintiff's father being in ICE's custody. Ex. 5.

22. On August 8, 2025, Congresswoman Stevens' office forwarded a response from USCIS that merely indicated that the subject I-130 petition was pending with USCIS and was under active review.  Ex. 4.

23. On August 14, 2025, ICE issued Plaintiff's father a letter stating he will be deported, but the letter lacks his expected date of deportation.

24. Plaintiff's father had a pending Motion to Reopen his removal proceedings and an approved stay of removal with the Board of Immigration Appeals (BIA); however, on August 6, 2025, the BIA denied the motion and vacated the stay of removal due to the failure of USCIS to timely adjudicate the subject I-130 petition.  Ex. 6.

25. Plaintiff has inquired regarding the status of the visa petition and requested the waiver of biometrics.  Plaintiff has received no communication regarding final adjudication of the visa petition, nor has he been instructed to provide any further information or documentation to USCIS.

26. To date, USCIS has still not made a decision on the visa petition.

## Request For Relief

27. Plaintiff has complied with all of the requirements for filing a visa petition.

28. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the visa petition (Form I-130).

29. The delay in adjudicating the application is not attributable to the Plaintiff.

30. The Defendants owe the Plaintiff a duty to adjudicate the visa petition and have unreasonably failed to perform that duty by not adjudicating the petition in the over 17 months it has remained pending.  This duty is owed under the Immigration & Nationality

        Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

31.     The delay is unreasonable per se.

32.     The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on the petition.

33.     The delay is also unreasonable in light of the fact that Plaintiff's father Jesus Ignacio Zarate Casillas presently is detained at Monroe County Jail-Dorm and has a final removal order but is eligible to reopen his removal proceedings and adjust his status to a U.S. lawful permanent resident once USCIS adjudicates his I-130 petition. His case cannot move forward without adjudication of the I-130 petition filed on his behalf.

34.     By making numerous inquiries on the status of the application with USCIS as well as requests to waive biometrics for petition, and through a congressional liaison, the Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the application and petition.

WHEREFORE, and in light of the foregoing, Plaintiff BRYAN ZARATE prays that this Honorable Court:

    A.     Assume jurisdiction herein;

    B.     Compel the Defendants to waive biometrics while Jesus Ignacio Zarate Casillas is in ICE's custody;

    C.     Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the visa petition (Form I-130);

    D.     Grant such other and further relief, as the Court deems appropriate and just.

Dated:  Chicago, Illinois                                  Respectfully Submitted,
       August 14, 2025                           Bryan Zarate

                                                                By: s/ Sheila McNulty
                                                                 One of his attorneys

Sheila McNulty, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
smcnulty@krilaw.com
Attorney No. 6211531